## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DEMAND FOR
JURY TRIAL**

NANCY HOOKS,

    Plaintiff,

v

    Case No.
    Hon.

CITY OF WARREN, a Municipal
Corporation; dba CITY OF WARREN
POLICE DEPARTMENT, and
POLICE OFFICERS: OFFICER LUCAS DOE; OFFICER BRYAN MUNAFO;
OFFICER A. KOERNER;
Each in their individual and official capacity jointly and severally;

    Defendants.

---

NINA KORKIS TAWEEL (P63031)
KORKIS LAW FIRM, PLLC
Counsel for Plaintiff
1360 Porter St, Suite 200
Dearborn, MI 48124
313-581-5800
nina@korkislaw.com

AZZAM E. ELDER (P53661)
ELDER BRINKMAN LAW
Co-Counsel for Plaintiff
1360 Porter St, Suite 200
Dearborn, MI 48124
313-582-5800
aelder@elderbrinkmanlaw.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, NANCY HOOKS, by and through her attorneys, Nina Korkis Taweel and Azzam E. Elder, and for her Complaint against the above-named Defendants, states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, §1983 and §1988, and the United States Constitution, Amendments IV, V and XIV, deprivation of liberty without due process of law.

2. This Court has jurisdiction of this cause under the provisions of the United States Constitution, Amendments I, IV, V, VI, and XIV; Title 42 of the United States Code, § 1983; Title 28 of the United States Code, § 1331 and § 1343.

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391. All Defendants reside and may be found in the Eastern District of Michigan and all of the events giving rise to these claims occurred in this district.

4. That Plaintiff brings this suit against each and every Defendant in their individual and official capacities.

5.      That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of, and under the authority of, each individual Defendant's employment with the City of Warren.

### PARTIES

6.      Plaintiff, NANCY HOOKS, is a citizen of the State of Michigan and a resident of the City of Warren, Macomb County, Michigan.

7.      At all times relevant, Defendant CITY OF WARREN was and is a municipal corporation, duly organized and carrying on governmental functions, including the formation, organization, and operation of the CITY OF WARREN POLICE DEPARTMENT, in the City of WARREN, County of MACOMB, State of Michigan.

8.      At all times relevant, Defendant OFFICER LUCAS DOE, is a police officer employed by Defendant CITY OF WARREN, acting under color of state law.

9.      At all times relevant, Defendant OFFICER BRYAN MUNAFO, is a police officer employed by Defendant CITY OF WARREN, acting under color of state law.

10.     At all times relevant, Defendant OFFICER A. KOERNER, is a police officer employed by Defendant CITY OF WARREN, acting under color of state law.

11.     At all times relevant, Defendant "assisting and supervising officers", are ALL police officers employed by Defendant CITY OF WARREN, acting under color of state law.

12.     At the time of filing the Complaint, the true identity of the assisting and supervising officers was not known to Plaintiff from the video and case report.

13.     Defendant CITY OF WARREN will have to disclose the identity of the assisting and supervising officers and the Complaint will be amended upon such disclosures.

14.     That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. 1332, this action is otherwise within the jurisdiction of this Court.

## COMMON ALLEGATIONS

15.     On April 8, 2019, there was an altercation taking place in the area of Lorraine and Ford in the City of Warren.

16.     Plaintiff Nancy Hooks was not involved in the altercation.

17.     Plaintiff was on a public street and was attempting to speak with Defendant City of Warren Police Officers about the altercation.

18.     Defendant Police Officers were extremely hostile to Plaintiff Nancy Hooks.

19.     Defendant Police Officers escalated the situation and assaulted Plaintiff Hooks by violently smashing her into the ground.

4

20.     Luckily, a bystander captured the incident on video.

21.     Defendant Police Officers did not have reasonable suspicion to arrest or even detain Plaintiff Hooks for any reason.

22.     Defendant Police Officers did not have probable cause to arrest or even detain Plaintiff for any reason.

23.     Plaintiff Hooks never threatened or assaulted Defendant.

24.     Plaintiff Hooks was on a public street and not in violation of any laws.

25.     Defendant Police Officers were not in imminent danger from Plaintiff Hooks.

26.     Defendant Police Officers acted willfully and under color of law at all times against Plaintiff Hooks.

27.     Plaintiff Hooks was unlawfully assaulted by Defendant Police Officers and the assisting officers.

28.     At all times relevant, Defendant and assisting and supervising officers were acting within the scope of their employment for Defendant CITY OF WARREN, and under color of law as law enforcement officers, intentionally compelled the Plaintiff to be unlawfully restrained, under pretense that she had violated the law, said acts constituting false arrest and false imprisonment.

29.     Defendant CITY OF WARREN is liable under state and/or federal law for all injuries proximately caused by:

a. Intentional wrongful acts of their and/or agents committed within the scope of their employment; and

b. Intentional, willful and wanton, reckless, deliberate indifference, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan, including but not limited to:

   i. Defendants' directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

   ii. conduct by such employees and/or agents in which Defendants acquiesced, explicitly or implicitly;

   iii. conduct which resulted from the failure to train or oversee the training of such employees and/or agents;

   iv. conduct of such employees and/or agents which supervisory personnel could foresee because the previous behavior of such employees and/or agents created the potential for such acts or omissions and which were not corrected;

   v. acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty; and

   vi. conduct which resulted from the failure to train or oversee the training of such employees and/or agents as it relates to consensual encounters with citizens and citizens rights protected under law.

30.     As a result of the incarceration described above, NANCY HOOKS was forcibly assaulted, forced to be booked, fingerprinted, never read her rights, and falsely imprisoned, and deprived of her freedom and constitutional rights, and forced to face bogus charges, resulting in significant damages, including, but not limited to compensatory damages, reasonable attorney fees, expert fees, and costs pursuant to

42 U.S.C. §1988, and punitive damages.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE-EXCESSIVE FORCE
## (42 U.S.C. § 1983)
## (AGAINST CITY AND DEFENDANT OFFICERS)

31.   Plaintiff restates, realleges, and incorporates each and every allegation contained in the Allegations above, with the same force and effect as set forth fully herein.

32.   The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their rights to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

33.   Defendant Police Officers acted under color of law.

34.   Defendant Police Officers had no reasonable suspicion that Plaintiff Hooks was doing anything illegal.

35.   Defendant Police Officers had no probable cause to arrest or even detain Plaintiff Hooks.

36.   Plaintiff was complying with Defendants' commands and Defendants had no legal right to arrest Plaintiff, or charge her with two (2) misdemeanors.

37.   Defendant Police Officers violently assaulted Plaintiff without legal authority and arrested Plaintiff by using excessive force.

38.   No reasonable officer would behave in the manner in which Defendants behaved during their encounter with Plaintiff.

39.   Defendant Police Officers failed to de-escalate the situation and instead recklessly escalated the situation, which lead to Plaintiff's injuries and malicious prosecution.

40.   Defendants did not have probable cause to believe that Plaintiff had committed any felony or any other crime.

41. Defendants were aware that Plaintiff was not accompanied by any other individuals prior to any force being used.

42. Defendants had no reasonable fear of being inflicted with great bodily harm, or death.

43. Defendants had alternate means of resolving the situation without resorting to striking Plaintiff and slamming her into the ground.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT II
## FALSE/WRONGFUL ARREST – FALSE IMPRISONMENT
## AGAINST ALL DEFENDANTS

44.    Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

45.    Defendants and the Defendants' assisting and supervising officers arrested Plaintiff without probable cause.

46.    Defendants and the Defendants' assisting and supervising officers then participated in wrongfully charging that Plaintiff had committed two (2) misdemeanor crimes.

47.    That Defendant CITY OF WARREN, through its employees and officers, Defendants, and the Defendants' assisting and supervising officers in particular, owed Plaintiff a duty to refrain from the intentionally, falsely, and/or wrongfully arresting and/or detaining her, which caused foreseeable injury and/or deprivation of liberty.

48.    Defendants, while at all times relevant herein acting within the scope of their employment for Defendant CITY OF WARREN, and under color of law as law enforcement officer, intentionally compelled the Plaintiff to be unlawfully seized, searched and arrested, under the pretense that she had violated the law, knowing they lacked probable cause or even reasonable suspicion that she did so. Said acts constitute false arrest and false imprisonment.

9

49.    In making said false arrest and false imprisonment, Defendants caused

the Plaintiff to be:

    a.  handcuffed;

    b.  caused Plaintiff's pants to be pulled down and refused to allow her to pull
        them up, leaving her naked and exposed from the waist down in public;

    c.  forced and caged in the back of a police car;

    d.  booked;

    e.  fingerprinted;

    f.  incarcerated;

    g.  hospitalized; and

    h.  charged with a crime.

50.    That the deprivation of Plaintiff's personal liberty and freedom was

unreasonable, unnecessary, unlawful and unconstitutional.

51.    That Defendant CITY OF WARREN is vicariously liable for the acts

of the individual Defendants who falsely and wrongfully arrested, detained and

imprisoned Plaintiff.

52.    That as a direct and proximate result of the aforementioned unlawful

conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the

following damages:

    a.    personal injury;

    b.    shock, fright, anxiety, mental distress, annoyance, vexation, and
        humiliation suffered by Plaintiff from the inception of the arrest;

c.      shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff as a result of Defendants' actions during the arrest causing Plaintiff to be naked and exposed from the waist down in public;

d.      loss of freedom;

e.      pain and suffering during confinement;

f.      isolation from friends and family;

g.      loss of dignity;

h.      loss of reputation;

i.      Lost income;

j.      Loss of enjoyment of life;

k.      Medical damages;

l.      Compensatory and punitive damages; and

m.      Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

**COUNT III**
**UNREASONABLE SEARCH AND SEIZURE-DENIAL OF MEDICAL**
**CARE (42 U.S.C. § 1983) AGAINST ALL DEFENDANTS**

53.  Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

54.   The denial of medical care by the City of Warren and its officers deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55.  As a result of the foregoing, Plaintiff suffered physical pain and suffering, mental anguish, humiliation, emotion distress, and permanent injuries.

56.  Defendant City of Warren and its Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

57.  The conduct of Defendant City of Warren, and its Officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the City of Warren and Defendant Officers.

58. As a result of the misconduct, City of Warren and Defendant Officers are liable for Plaintiff's injuries, either because they were integral participants in the denial of medical care, lack of follow up care, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT IV
## MUNICIPAL LIABILITY-RATIFICATION (42 U.S.C. § 1983) AGAINST ALL DEFENDANTS

59. Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

60. Defendant CITY OF WARREN, Defendant Officers and Defendants' assisting officers and supervisors acted under color of law.

61. The acts of Defendant CITY OF WARREN, Defendant Officers and Defendants' assisting officers and supervisors deprived Plaintiff of her particular rights under the United States Constitution.

62.   Upon information and belief, a final policy maker, acting under color of law, who had final policy making authority concerning the acts of CITY OF WARREN and Defendant Officers, ratified (or will ratify) CITY OF WARREN and/or Officer 's acts and the bases for them. Upon information and belief, the final policy maker knew of and specifically approved of (or will specifically approve of) CITY OF WARREN'S, Defendant Officers, and Defendants' assisting officers' and supervisors' acts.

63.  Upon information and belief, a final policy maker has determined (or will determine) that the acts of CITY OF WARREN, Defendant Officers, and Defendants assisting officers and supervisors were "within policy."

64.   By reason of the aforementioned acts and omissions, Plaintiff was injured. The aforementioned acts and omissions also caused Plaintiff's injuries.

65.  Accordingly, the CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors each are liable to Plaintiff for compensatory damages under 42 U.S.C. Sec. 1983 and Sec. 1988.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT V
## 42 USC §1983 - MUNICIPAL/SUPERVISORY LIABILITY
## AS TO DEFENDANT CITY OF WARREN

66. Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

67. Jurisdiction is based on 28 USC § 1331.

68. At all times relevant herein, Defendants CITY OF WARREN, Defendant Officer, and Defendants' assisting officers and supervisors acted under color of law, the acts of CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors deprived Plaintiff of her particular rights under the United States Constitution.

69. The training policies of CITY OF WARREN were inadequate to train its officers to handle the usual and recurring situations with which they must deal.

70. CITY OF WARREN was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

71. CITY OF WARREN, acting through their supervisory officers and officials, by their own customs, policies and/or practices failed to establish, maintain or enforce, (and/or systematically failed to properly train, evaluate, supervise, those in charge of), a policy/practice or training regarding obtaining probable cause prior to arresting persons like the Plaintiff, so as to prevent the wrongful arrest of individuals, like the Plaintiff. Failure to have, enforce, maintain or properly

supervise such policy/practice or training would be substantially certain to result in the wrongful arrest and imprisonment of the Plaintiff and others like her, thereby directly and proximately depriving Plaintiff of her right to be free from false arrest, false imprisonment and other unreasonable intrusions against her person without due process of law, in violation of the United States Constitution, Amendments I, IV, V and XIV.

72.  At all times relevant herein, Defendant CITY OF WARREN, acting through their supervisory officers and officials, by their own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline their respective employees, allowed, acquiesced in, and/or encouraged its individual Police Officers and to function as law enforcement officers and to unlawfully confront, falsely arrest and imprison, and otherwise violate Plaintiff's Constitutional rights, thereby directly and proximately depriving Plaintiff of her right to be free from false arrest, false imprisonment and other unreasonable intrusions against her person without due process of law, in violation of the United States Constitution, Amendments I, IV, V and XIV.

73.  At all times relevant herein, Defendant CITY OF WARREN, acting through their supervisory officials and/or officers, by their own customs, policies and/or practices of systematically failing to enforce its own rules and regulations pertaining to the arrest, custody, detention and prosecution of citizens, including

Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, deprived Plaintiff of her right to be free from false arrest, false imprisonment and other unreasonable intrusions against her person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

74. Defendants CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors are liable for their intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional seizure of Plaintiff's liberty, person and health, without due process of law, all of which proximately resulted in her injuries.

75. At all times relevant herein, Defendant CITY OF WARREN, by their directions, policies, procedures, practices and/or customs, from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the individual officers, who were under its supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as law enforcement officers and to unconstitutionally arrest and falsely imprison citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of her liberty, and her freedom from unreasonable intrusions against his person and his right to be free from false

arrest, false imprisonment and other unreasonable intrusions against her person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

76.   At all times relevant herein, Defendant CITY OF WARREN and by their failure to train, supervise, discipline and/or correct the behavior of the employees and/or agents under their supervision, including but not limited to the individually named Defendant law enforcement officers, of which said Defendant CITY OF WARREN knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendants to function as law enforcement officers and to unlawfully confront, falsely arrest and falsely imprison citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of her liberty and of her right to be free from unreasonable intrusions against her person without due process of law, in violation of the United Sates Constitution, Amendments IV, V and XIV.

77.   At all times relevant herein, Defendant CITY OF WARREN and by its violation of statutory duties, allowed and/or encouraged the individually named Defendants to function as law enforcement officers and to unlawfully confront, falsely arrest, and falsely imprison citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of her liberty and of her right to be

free from false arrest, false imprisonment and other unreasonable intrusions against her person without due process of law, in violation of the united States Constitution, Amendments IV, V and XIV.

78.   That the conduct of Defendant CITY OF WARREN personnel was pursuant to, and in execution and implementation of, officially sanctioned policies, practices, ordinance, regulations, or customs of Defendant CITY OF WARREN, and each of the named Defendants exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach NANCY HOOKS' civil liberties and freedoms and causing constitutional deprivation of her individual rights, to wit:

a.   Failure to properly train police officers and detention officers in the proper determination of probable cause and arrest procedures. Such omitted training was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of, NANCY HOOKS' constitutional rights;

b.   Failure to hire individuals whose character and personality would not pose a potential danger to the residents and guests of CITY OF WARREN and NANCY HOOKS;

c.   Failure of CITY OF WARREN to discipline, investigate, and/or discharge any officers involved in the wrongful detention, arrest and imprisonment which ratifies and/or condones any officers' unconstitutional conduct;

d.   Failure to train and inadequate training in the proper amount of force to be utilized for citizens, arrestees and/or detainees;

e.   Knowingly and recklessly hiring and training as police officers individuals who were not able to determine probable cause and arrest procedures;

f.    Knowingly and recklessly failing to discipline, instruct, supervise or control officers' conduct, thereby encouraging acts or omissions that contributed to the arrest of NANCY HOOKS;

g.    That the individual officers failed to obtain probable cause;

h.    That all Defendants, including officials, supervisors, and officers individually and as agents for Defendant CITY OF WARREN, personally participated in the implementation, execution, and omission of the official policies, training, ordinances, regulations, and/or customs referred to above.

i.    That all officials, supervisors, and officers had a duty to adequately train and supervise all police officers who had a duty to act reasonably and without deliberate indifference the civil liberties and freedoms of NANCY HOOKS.

79.  That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

a.    personal injury;

b.    shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest;

c.    shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff as a result of Defendants' actions during the arrest causing Plaintiff to be naked and exposed from the waist down in public;

d.    loss of freedom;

e.    pain and suffering during confinement;

f.    isolation from friends and family;

g.    loss of dignity;

     h.    loss of reputation;

     i.     Lost income;

     j.     Loss of enjoyment of life;

     k.    Medical damages

     l.     Compensatory and punitive damages; and

     m.    Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

### COUNT VI
### MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOMS OR POLICY (42 U.S.C. § 1983)

80.  Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

81.  CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors acted under color of law.

82.  CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors acted pursuant to an expressly adopted official policy or a long-

standing practice or custom of the Defendant CITY OF WARREN Police Department.

83.  On information and belief, CITY OF WARREN, Defendant Officers, and Defendants' assisting officers and supervisors were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

84.  Defendant CITY OF WARREN and Defendant Officers, together with other policy makers and supervisors, maintained, inter alia, the following unconstitutional customs, and practices, and policies:

a.  Employing and retaining as law enforcement officers individuals such as Defendant Sanders, when CITY OF WARREN, at all times material herein, knew or reasonably should have known and had dangerous propensities for abusing their authority, and for using excessive force.

b.  Inadequately supervising, training, and controlling, assigning, and disciplining CITY OF WARREN police officers, and other personnel, including Defendant Officers, whom CITY OF WARREN knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by its Police Officers.

d. Failing to adequately discipline CITY OF WARREN Police Officers for the above-referenced categories of misconduct, including "slaps on the wrists", discipline that is so slight as to be out of the proportion to the magnitude of misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

e. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield", "blue wall", "blue curtain," "blue veil," or simply a "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questions about an incident of misconduct involving another officer, while following the code, the officers being questioned will claim ignorance of the officers' wrongdoing.

f. Failing to properly investigate criminal cases brought against citizens, which are later voluntarily dismissed by the CITY OF WARREN due to Officers making unlawful arrests.

85.   By reasons of the aforementioned acts and omissions of CITY OF WARREN and Defendant Officers, Plaintiff was injured.

86.   Defendant CITY OF WARREN and Defendant Officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraph above. Despite having knowledge as stated above, these Defendants condoned,

tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of those policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

87.  By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts Defendant Officers acted with intentional, reckless, and callous disregard for the life of Plaintiff and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained and still tolerated CITY OF WARREN and Defendant Officers were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

88.  On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendant Officers.

89.  Accordingly, Defendants CITY OF WARREN and Defendant Officers each are liable to Plaintiff for compensatory damages under Title 42 of the United States Code, §1983 and §1988.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

24

## COUNT VII
## BATTERY
## AGAINST ALL DEFENDANTS

90.  Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

91.  At the time and place herein above alleged, Defendant Officers and Defendants' assisting officers and supervisors, without just and legal cause, viciously assaulted Plaintiff, thereby causing Plaintiff severe pain and suffering, apprehension, and emotional distress, and placed her in immediate fear for her life.

92.  Said assault and battery was not privileged, was not consented to by Plaintiff, and was the proximate cause of the injuries complained of herein.

93.  Defendant CITY OF WARREN is vicariously liable for the wrongful acts of Defendant Officers and Defendants' assisting officers and supervisors pursuant to The Governmental Tort Liability Act (GTLA), MCL 691.1401 Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

94.  The conduct of the Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, and entitling Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

### COUNT VIII
### GROSS NEGLIGENCE AS TO
### ALL DEFENDANTS

95.  Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

96.  The Defendant Officers' actions were so reckless as to demonstrate a substantial lack of concern for whether an injury results.

97.  Each Defendant owed Plaintiff a duty to behave as a reasonably prudent law enforcement officer when interacting with Plaintiff.

98.  By failing to do so by committing the acts alleged in this Complaint, Defendants breached their duty.

99.  The injuries suffered by Plaintiff are the direct result of Defendants' actions and inactions.

100.  Plaintiff's injuries are entirely foreseeable based on the conduct of Defendants.

101.    At all times relevant herein, Defendant Officers, notwithstanding the standard duty of care, owed to Plaintiff the following duties, but not limited to:

    a.  To use due care to obtain probable cause prior to arresting her;

    b.  To avoid arresting the Plaintiff when she had committed no violation of law;

    c.  To follow all state statutes, regulations, municipal ordinances, and department policy designed to protect against the jailing persons without probable cause;

    d.  To preserve the peace and protect the lawful rights of citizens;

    e.  Other acts and omissions under investigation at this time;

    f.  To avoid using excessive force against a law abiding citizen; and

    g.  To de-escalate and not escalate the situation which lead to Plaintiff's injury.

102.    The Defendant Officers negligently, gross negligently, recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties.

103.    That Defendant CITY OF WARREN breached its aforementioned duties and was willful and wanton and/or grossly negligent, as defined by statute, to wit: MCLA 691.1407, when it conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some, or all of the following particulars:

    a.  Failing and/or refusing to adequately train, oversee the training of and/or supervise all employees and/or agents under their control and/or supervision;

b. Failing and/or refusing to prevent intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of such employees and/or agents;

c. Failing and/or refusing to enact, institute, implement and/or utilize directions, policies, practices and/or customs from which Defendants and/or their employees and/or agents are to preserve the peace and protect the lawful rights of citizens; and

d. Failing to prevent, explicitly or implicitly, the intentional, willful and wanton, reckless, deliberately indifference, grossly negligent and/or negligent and foreseeable conduct, acts, and/or omissions of Defendants' employees and/or agents.

e. Allowing false charges to be used as leverage against law abiding citizens to try and obtain a release in exchange for dropping unlawful charges.

104. That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

a. personal injury;

b. shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest;

c. shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff as a result of Defendants' actions during the arrest causing Plaintiff to be naked and exposed from the waist down in public;

d. loss of freedom;

e. pain and suffering during confinement;

f. isolation from friends and family;

g. loss of dignity;

28

h.     loss of reputation;

i.     Lost income;

j.     Loss of enjoyment of life;

k.     Medical damages;

l.     Compensatory and punitive damages; and

m.    Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105.   Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

106.   At all times relevant herein, the individually named Defendants, notwithstanding their standard duty of care, owed to Plaintiff, the following duties, but not limited to the following:

a. To refrain from inflicting intentional emotional distress upon Plaintiff;

29

    b. To refrain from treating Plaintiff, a law-abiding citizen, in an extremely and outrageously abusive manner; and

    c. To refrain from depriving Plaintiff of her liberty without excuse or justification.

107. These Defendants intentionally, willfully, wantonly, and/or recklessly breached one or more of said duties by:

    a. Intentionally inflicting emotional distress upon Plaintiff by subjecting Plaintiff to being arrested without probable cause;

    b. Intentionally depriving Plaintiff of her liberty and restraining her physical movement without excuse or justification;

    c. Intentionally causing Plaintiff's pants to be pulled down during her arrest and not allowing her to pull her pants back up, causing her to be naked and exposed from the waist down in public;

    d. Intentionally assaulting and beating Plaintiff without reasonable legal justification; and

    e. Intentionally filing false charges against Plaintiff and under color of law used the power of the State against Plaintiff, a law abiding citizen, to gain leverage against Plaintiff in order to try and obtain a release from Plaintiff in exchange for dropping unlawful charges, such actions inflicted emotional distress upon Plaintiff and placed fear in Plaintiff and robbed her of his security and safety.

108. At all times relevant herein, individually named Defendants were acting within the scope of their employment for Defendant CITY OF WARREN under color of its authority as law enforcement officers.

109.    That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

    a.    personal injury;

    b.    shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest;

    c.    shock, fright, anxiety, mental distress, annoyance, vexation, and humiliation suffered by Plaintiff as a result of Defendants' actions during the arrest causing Plaintiff to be naked and exposed from the waist down in public;

    d.    loss of freedom;

    e.    pain and suffering during confinement;

    f.    isolation from friends and family;

    g.    loss of dignity;

    h.    loss of reputation;

    i.    Lost income;

    j.    Loss of enjoyment in life;

    k.    Medical damages;

    l.    Compensatory and punitive damages; and

    m.    Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

    WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further

demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT X
## MALICIOUS PROSECUTION

110.  Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

111.  Defendants instituted and initiated the allegations of criminal activity against Plaintiff without probable cause and with malice.

112.  On information and belief, Defendants instituted the investigation for personal reasons, which include, but are not limited to, the following:

    a.  vexation;

    b.  to cause damage to Plaintiff's professional reputation;

    c.  to cause damage to Plaintiff's community reputation;

    d.  to justify their unlawful use of excessive force against Plaintiff;

    e.  in retaliation for Plaintiff's acting as a citizen with important information who tried to assist other citizens being wrongly detained and/or accused by Defendants regarding the altercation.

113.  MCL 600.2907 provides for civil and criminal liability for every person who, for vexation or trouble or with malice, causes another to be arrested, attached, or in any way proceeded against by any process of civil or criminal action without that person's consent.

114.  Both the criminal and civil proceedings initiated against Plaintiff arising from Defendants' false information will be resolved in Plaintiff's favor.

115.   As a direct result of Defendants' malice in making allegations that initiated the criminal investigation, Plaintiff has suffered damage, including, but not limited to, harm to her professional reputation and her reputation in the community, mental anguish, and being subjected to a police interrogation and criminal charges regarding the allegations.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, and such other relief deemed to be just and equitable.

## COUNT XI
## ABUSE OF PROCESS

116.   Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the Allegations above, as though set forth fully and completely herein.

33

117.   Defendants abused the criminal investigatory process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Plaintiff's professional reputation, and damage to Plaintiff's community reputation and as retaliation for Plaintiff's efforts to inform police that they were detaining and/or arresting the wrong citizens regarding the altercation. This use of the process was not legitimate, regular, or legal.

118.   Defendants abused the criminal investigatory process by using it for their ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Plaintiff's professional reputation, and damage to Plaintiff's community reputation and to justify their unlawful use of excessive force against Plaintiff;

119.   As a corroborating act of Defendants' improper purpose, Defendants drafted reports and provided same to the Officer in Charge after the Warren Police Department began its investigation, when Defendants knew or should have known that the information in that document was false.

120.   As a further corroborating act, Defendants repeated the false allegations against Plaintiff contained in their reports even after watching the video and interviewing other witnesses during the course of the investigation.

121.   Defendants' submission of their reports to the Warren Police Department, as well as their false statements to the Officer In Charge, were willful and intentional.

122.    The allegations and misuse of the criminal investigatory process was improper since Defendants knew, or should have known, that the allegations regarding Plaintiff's actions were false.

123.    Charging Plaintiff with the commission of crimes is a process employed to pressure Plaintiff to release the Defendants from any and all Constitutional violations in exchange for a plea offer.

124.    As a direct result of Defendants abuse of the criminal investigatory process, Plaintiff's professional reputation and community reputation, and she has as suffered mental anguish, and physical injuries.

125.    WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Dated: April 1, 2021                         Respectfully submitted,

**KORKIS LAW FIRM, PLLC**

/s/ NINA KORKIS TAWEEL
Nina Korkis Taweel (P63031)
Counsel for Plaintiff
nina@korkislaw.com

**ELDER BRINKMAN LAW**

/s/ AZZAM E. ELDER
Azzam E. Elder (P53661)
Co-Counsel for Plaintiff
aelder@elderbrinkmanlaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NANCY HOOKS,

     Plaintiff,                          Case No.
                                             Hon.

v

CITY OF WARREN, a Municipal
Corporation; dba CITY OF WARREN
POLICE DEPARTMENT, and
POLICE OFFICERS: OFFICER LUCAS DOE; OFFICER BRYAN MUNAFO;
OFFICER A. KOERNER;
Each in their individual and official capacity jointly and severally;

     Defendants.

_____

NINA KORKIS TAWEEL (P63031)
KORKIS LAW FIRM, PLLC
Attorney for Plaintiff
1360 Porter St, Suite 250
Dearborn, MI 48124
313-581-5800
nina@korkislaw.com

AZZAM E. ELDER (P53661)
ELDER BRINKMAN LAW
Co-Counsel for Plaintiff
1360 Porter St, Suite 200
Dearborn, MI 48124
313-582-5800
aelder@elderbrinkmanlaw.com

_____


## **DEMAND FOR JURY TRIAL**

Plaintiff, NANCY HOOKS, by and through her attorneys, Nina Korkis Taweel and Azzam E. Elder, hereby requests a trial by jury in the above-captioned matter.

Dated:    April 1, 2021                    Respectfully Submitted,

                                       **KORKIS LAW FIRM, PLLC**

                                       /s/ NINA KORKIS TAWEEL
                                       Nina Korkis Taweel (P63031)
                                       Counsel for Plaintiff
                                       nina@korkislaw.com

                                       **ELDER BRINKMAN LAW**

                                       /s/ AZZAM E. ELDER
                                       Azzam E. Elder (P53661)
                                       Co-Counsel for Plaintiff
                                       aelder@elderbrinkmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 1, 2021, she electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Respectfully Submitted,

/s/ NINA KORKIS TAWEEL
Nina Korkis Taweel (P63031)